FILED 29 JUN '11 10:59 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARK ANDREW KEMP, | 10-CV-6420-TC |
| Plaintiffs, | |
| v. | FINDINGS and RECOMMENDATION |
| CITY OF SPRINGFIELD, PETER KIRKPATRICK, in his individual and official capacities; LANE COUNTY; SHERIFF RUSSEL BURGER; in his individual and official capacities; TERRY FIELDS, in her individual and official capacities; RICHARD KLOTZ, in his individual and official capacities; DR. ALAN KOHN, in his original and official capacities; DR. JUDY PISONNEAULT, in her individual and official capacities; HARVEY MARSHAL, in his individual and official capacities; MICHAEL MCBRIDE, in his individual and official capacities | |
| Defendants. | |

COFFIN, Magistrate Judge:

Plaintiff is represented by counsel. He is a mentally ill individual who was arrested and put in

Page 1 - FINDINGS and RECOMMENDATION

jail. He asserts several claims arising from his arrest and confinement, including a constitutionally based claim for failure to treat his medical needs.

Plaintiff also asserts a claim based on the American with Disabilities Act (ADA). Presently before the court is a motion from the County defendants to dismiss the ADA claim.

## STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

## DISCUSSION

In his opposition to the motion to dismiss, plaintiff appears to blur his ADA claim with his separate constitutionally based claim for failure to treat plaintiff's medical needs. Plaintiff also alternatively seeks leave to amend to clarify his claims.

The County defendants cite a case for the first time in their reply, Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010). There, the Ninth Circuit Court Appeals stated that in order to state a claim under the ADA, the plaintiff had to allege that the discrimination was " by reason" of plaintiff's disability. Id (emphasis added). Moreover, the Court stated that

> [t]he ADA prohibits discrimination because of disability, and not inadequate treatment for disability. See Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ( 'The Act would not be violated by a prison's simply failing to attend to medical needs of its disabled prisoners ... The ADA does not create a remedy for medical malpractice.')

Simmons, 609 F.3d at 1022 (emphasis added).

Based on the foregoing, the County defendants motion to dismiss should be allowed to the extent plaintiff's Eighth Claim should be dismissed without prejudice to refile in an amended complaint within 20 days. Should plaintiff pursue his ADA claim, he should be mindful of the Simmons case and also assert enough facts to state a claim that is plausible on its face.

## CONCLUSION

As discussed in more detail above, the County defendants' motion (#16) to dismiss should be allowed to the extent plaintiff's Eighth Claim should be dismissed without prejudice to refile in an amended complaint within 20 days.

DATED this 29t day of June, 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge