UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARK ANDREW KEMP, | 10-CV-6420-TC |
| Plaintiffs, | |
| v. | FINDINGS and RECOMMENDATION |
| CITY OF SPRINGFIELD, PETER KIRKPATRICK, in his individual and official capacities; LANE COUNTY; SHERIFF RUSSEL BURGER; in his individual and official capacities; TERRY FIELDS, in her individual and official capacities; RICHARD KLOTZ, in his individual and official capacities; DR. ALAN KOHN, in his original and official capacities; DR. JUDY PISONNEAULT, in her individual and official capacities; HARVEY MARSHAL, in his individual and official capacities; MICHAEL MCBRIDE, in his individual and official capacities | |
| Defendants. | |

COFFIN, Magistrate Judge:

Plaintiff is represented by counsel. He is a mentally ill individual who was arrested by City of

Page 1 - FINDINGS and RECOMMENDATION

Springfield Officer Peter Kirkpatrick and put in jail. He asserts several claims arising from his arrest and confinement, including excessive force, , and a constitutionally based claim for failure to treat plaintiff's medical needs.

Presently before the court is a motion dismiss from Defendant City of Springfield and Officer Kirkpatrick(the City defendants). They seek to dismiss plaintiff's §1983 Monell claim. For the reasons stated below, the motion should be denied.

## STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

## DISCUSSION

The City defendants contend:

> Plaintiff's Second Amended Complaint contains no factual allegations showing a custom or policy of Springfield. It does not highlight previous incidents of excessive force that should have alerted Springfield to the need for further training of its officers. It does not identify what Springfield's training and hiring practices were, how the training and hiring practices were deficient, or how the hiring and training practices caused plaintiff's harm. It simply does not state a Monell claim for custom or policy or failure to train.

P. 4 of Reply (#51).

Plaintiff alleges, among other things:

> 83. The following are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:
> a. The City of Springfield's actions taken towards plaintiff, or not taken, in response to Defendant Kirkpatrick's conduct towards plaintiff, which includes but is not limited to, violently seizing, utilizing excessive physical force, and arresting plaintiff, who was a visibly severely mentally disturbed citizen, without attempting to communicate, use nonviolent communication, apprise him of his arrest, or accommodate his mental disability, as well as handcuffing him and taking him to LCAC instead of a mental health facility, and/or failing to request or impose a mental health hold on plaintiff upon booking at LCAC, constitue adoption of an official practice, custom, or policy that violates civil rights.
> b. The City knew or should have known about the practices described in this complaint as such are so well settled as to constitute a custom or usage, and failed to take affirmative actions to prevent the actions alleged in this complaint.
> c. The City failed to adequately train, supervise, or discipline its officers to avoid the types of civil rights violations described herein.
> d. The City was deliberately indifferent to circumstances which would result in the violation of constitutional rights of citizens disabled by mental illness.
> ....
> 85. The following allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. City of Springfield has made or allowed numerous other similar

> incidents of unreasonable use force, failing to negotiate, or utilize crisis intervention training skills to reasonably communicate with a seriously mentally ill person, or failing to assist mentally ill people to receive necessary medical care instead of incarceration, and if incarceration is deemed necessary, requesting or imposing mental health holds upon the severely emotionally disturbed defendants at LCAC making injunctive relief necessary and appropriate.
> 
> 86. As a direct and proximate result of the actions described herein, plaintiff sustained actual damages ...

Second Amended Complaint (#45).

Other factual details regarding the interaction between Officer Kirkpatrick and plaintiff and what allegedly happened as a result are set forth throughout the Second Amended Complaint. See, e.g., Paragraph 20-27.

The Ninth Circuit Court of Appeals has stated:

> a plaintiff can demonstrate that a municipality is responsible for a constitutional tort committed by its employee, even though it did not direct the employee to commit the tort.
> 
> ....
> 
> A plaintiff need not allege that the municipality itself violated its constitutional rights or directed its employees to do so. Instead, a plaintiff can allege that through its *omissions* the municipality is responsible for a constitutional violation committed by one of its employees, even though the municipality's policies were facially constitutional, the municipality did not direct the employee to take the unconstitutional action, and the municipality did not have the state of mind required to prove the underlying violation...However, because Monell held that a municipality may not be held liable under a theory of respondeat superior, a plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation.... To prove deliberate indifference, the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation...
> 
> ....
> 
> To impose liability under Canton[489 U.S. 378 (1989)], a plaintiff must show 1) that a County employee violated [plaintiff's] rights; 2) that the County has customs or policies that amount to deliberate

Page 4 - FINDINGS and RECOMMENDATION

> indifference... ; and 3) that these policies were the moving force behind the employee's violation of [plaintiff's] constitutional rights, in the sense that the County could have prevented the violation with an appropriate policy.

Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1186-1194 (9th Cir. 2002)(some citations omitted).

In the circumstances of this action, plaintiff's Second Amended Complaint contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face. The claim in this particular case has facial plausibility as plaintiff has pled factual content that allows this court to draw the reasonable inference that defendants are liable for the misconduct alleged. Detailed factual allegations are not required and plaintiff has gone beyond an unadorned the defendant-unlawfully-harmed me accusation.

Although imperfectly pled, plaintiff specifically alleges facts regarding the City of Springfield's action and failures to act that could plausibly state a Monell claim. Plaintiff's imperfect pleading does contain factual content that allows this court to draw reasonable inferences that Springfield could be liable for the misconduct alleged. As set forth above, plaintiff's pleading contains adequate factual allegations of how plaintiff's rights were violated, of what should have resulted from the existence of adequate policies and training, that Springfield had adequate notice that its omissions would lead to the violation and was deliberately indifferent, that defendant's policies were the moving force behind the violation of plaintiff's rights, and that after a reasonable opportunity for further investigation or discovery that there will likely be evidentiary support for other similar incidents.

Springfield has repeatedly stated that " a party must have some factual basis *before* they bring a claim." P. 8 of Memo (#40) (emphasis in original); p. 5-6 of Reply (#51) (emphasis in original), and that plaintiff has no additional facts which would help him state a Monell claim. However, defendants expressly base this assertion on defendants' discovery requests and defendants' deposition of plaintiff which, in defendants' view, did not reveal additional facts which would help plaintiff state a Monell claim. And plaintiff's counsel certified, by presenting to the court the Second Amended Complaint, that to the best of her knowledge, information and belief, formed after a reasonable inquiry under the circumstances, the specifically identified factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3). Plaintiff also stated in its briefing on this matter that it has not completed its own discovery – plaintiff states it has not taken depositions of defendants yet and has not yet received from defendant information related to customs or policies related to the matter at hand or information that there is a entire lack of such policies. And it is worth noting defendants state that in their deposition of plaintiff he described not only his arrest by Officer Kirkpatrick, but a prior arrest. P. 6 of Reply. The allegations of the complaint and the status of discovery in this particular action certainly do not warrant deciding this matter on the pleadings.

## CONCLUSION

As discussed in more detail above, the motion (#46) to dismiss from defendant City of Springfield and defendant Kirkpatrick should be denied. The motion (#29) from these defendants to compel response to interrogatories is denied without prejudice to refile after plaintiff has completed his discovery and the parties have conferred.

DATED this 30 day of January, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - FINDINGS and RECOMMENDATION