UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARK ANDREW KEMP, | 10-CV-6420-TC |
| Plaintiffs, | |
| v. | FINDINGS and RECOMMENDATION |
| CITY OF SPRINGFIELD, PETER KIRKPATRICK, in his individual and official capacities; LANE COUNTY; SHERIFF RUSSEL BURGER; in his individual and official capacities; TERRY FIELDS, in her individual and official capacities; RICHARD KLOTZ, in his individual and official capacities; DR. ALAN KOHN, in his original and official capacities; DR. JUDY PISONNEAULT, in her individual and official capacities; HARVEY MARSHAL, in his individual and official capacities; MICHAEL MCBRIDE, in his individual and official capacities | |
| Defendants. | |

COFFIN, Magistrate Judge:

Plaintiff is a mentally ill individual who was arrested by City of Springfield Officer Peter

Page 1 - FINDINGS and RECOMMENDATION

Kirkpatrick and put in jail. He asserts several claims against several defendants, including a claim for excessive force against Springfield Officer Kirkpatrick.

Presently before the court is a motion for summary judgment from defendant City of Springfield. The City seeks to dismiss plaintiff's §1983 Monell claim.[1]

For the independent reasons stated below, the City's motion should be allowed and any Monell claims against the City should be dismissed.

## STANDARDS

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials

---

[1] The claim for excessive force against Springfield Officer Kirkpatrick is not subject to a motion for summary judgment. The City states that under plaintiff's version of the facts there may be factual issues as to whether Kirkpatrick violated the City's policies on excessive force.

Page 2 - FINDINGS and RECOMMENDATION

in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## DISCUSSION

The City previously brought a motion to dismiss the Monell claim. The City contended:

> Plaintiff's Second Amended Complaint contains no factual allegations showing a custom or policy of Springfield. It does not highlight previous incidents of excessive force that should have alerted Springfield to the need for further training of its officers. It does not identify what Springfield's training and hiring practices were, how the training and hiring practices were deficient, or how the hiring and training practices caused plaintiff's harm. It simply does not state a Monell claim for custom or policy or failure to train.

P. 4 of Reply (#51).

Plaintiff had alleged, among other things:

> 83. The following are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:
> a. The City of Springfield's actions taken towards plaintiff, or not taken, in response to Defendant Kirkpatrick's conduct towards plaintiff, which includes but is not limited to, violently seizing, utilizing excessive physical force, and arresting plaintiff, who was a

Page 3 - FINDINGS and RECOMMENDATION

> visibly severely mentally disturbed citizen, without attempting to communicate, use nonviolent communication, apprise him of his arrest, or accommodate his mental disability, as well as handcuffing him and taking him to LCAC instead of a mental health facility, and/or failing to request or impose a mental health hold on plaintiff upon booking at LCAC, constitue adoption of an official practice, custom, or policy that violates civil rights.
> b.   The City knew or should have known about the practices described in this complaint as such are so well settled as to constitute a custom or usage, and failed to take affirmative actions to prevent the actions alleged in this complaint.
> c.   The City failed to adequately train, supervise, or discipline its officers to avoid the types of civil rights violations described herein.
> d.   The City was deliberately indifferent to circumstances which would result in the violation of constitutional rights of citizens disabled by mental illness.
>
> ....
>
> 85.   The following allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. City of Springfield has made or allowed numerous other similar incidents of unreasonable use of force, failing to negotiate, or utilize crisis intervention training skills to reasonably communicate with a seriously mentally ill person, or failing to assist mentally ill people to receive necessary medical care instead of incarceration, and if incarceration is deemed necessary, requesting or imposing mental health holds upon the severely emotionally disturbed defendants at LCAC making injunctive relief necessary and appropriate.
> 86.   As a direct and proximate result of the actions described herein, plaintiff sustained actual damages ...

Second Amended Complaint (#45).

In denying the City's motion to dismiss at the pleading stage, this Court stated:

> plaintiff's counsel certified, by presenting to the court the Second Amended Complaint, that to the best of her knowledge, information and belief, formed after a reasonable inquiry under the circumstances, the specifically identified factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3). Plaintiff also stated in its briefing on this matter that it has not completed its own discovery -- plaintiff states it has not taken depositions of defendants yet and has not yet received from defendant information related to customs or policies related to the matter at hand or information that there is a entire lack of such policies.

Page 4 - FINDINGS and RECOMMENDATION

P. 6, Order and Finding and Recommendation(#57), Adopted by Order (#59 ).

Plaintiff has now had a chance to complete discovery and has made filings in opposition to the City's motion for summary judgment. It is now clear that plaintiff's allegations do not have adequate evidentiary support. The City had met its initial burden on pointing out the absence of any genuine issue of material fact. The City is entitled to summary judgment on any Monell claims against the City as plaintiff has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.

Despite plaintiff's opportunity for investigation and discovery, plaintiff has not adequately supported his underlying allegations of :

> other similar incidents of unreasonable use of force, failing to negotiate, or utilize crisis intervention training skills to reasonably communicate with a seriously mentally ill person, or failing to assist mentally ill people to receive necessary medical care instead of incarceration, and if incarceration is deemed necessary, requesting or imposing mental health holds upon the severely emotionally disturbed...

¶85 of Second Amended Complaint (#45), supra.

As such, the aforementioned underlying allegations cannot support the allegations that they "constitute adoption of an official practice, custom or policy that violates civil rights" Id. at ¶83(a). Nor can the aforementioned underlying allegations support the allegation that

> The City knew or should have known about the practices described in this complaint as such are so well settled as to constitute a custom or usage, and failed to take affirmative actions to prevent the actions alleged in this complaint.

Id. at ¶83(b).

Plaintiff also failed to support his allegation that:

> The City failed to adequately train, supervise, or discipline its officers to avoid the types of civil rights violations described herein ...[and] the City was deliberately indifferent to circumstances which would result in the violation of constitutional rights of citizens disabled by mental illness.

Id. at ¶83(c),(d).

Plaintiff has only presented evidence of his one encounter with Kirkpatrick. Plaintiff makes an argument that a single instance of excessive force can support an award for damages when it represents a decision of a municipal policymaker. However, a police officer does not automatically become a policymaker by virtue of the fact that they have some discretion in the decision to employ force. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) ("When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departure from them, are the act of the municipality.") Kirkpatrick is not a policymaker.

Plaintiff also argues that the City was deliberately indifferent because it does not provide training on rights of mentally ill citizens. Such is incorrect. Kirkpatrick did receive training on how to interact with mentally ill persons, (Pl's Exh 17 attached to #99), training on mental health holds (Kirkpatrick Depo. at p.p. 12:17-25, 17:6 -18:12; 24:21-24 (attached to #99), and training on de-escalation, Id. at 48:21-51:14.

Moreover, that an officer could have received more or better training is not sufficient to impose municipal liability. City of Canton, Ohio v. Harris, 489 U.S. 378, 391 (1989). The training must be so deficient as to put the City policymakers on notice that training deficiencies are causing a pattern of constitutional violations. Connick v. Thompson, 131 S.Ct. 1350, 1380 (2011).

As far as supervision, discipline and ratification go, plaintiff provided no evidence of prior

Page 6 - FINDINGS and RECOMMENDATION

complaints against Kirkpatrick, let alone how they were adjudicated or that the decisions were objectively incorrect. Plaintiff presents no evidence to show that a reasonable supervisor would have concluded a constitutional violation occurred. Any claims under the theories of supervision, discipline and ratification fail. <u>See</u>, <u>Henry v. County of Shasta</u>, 132 F.3d 512, 520 , <u>amended on denial of rehearing</u>, 137 F.3d 1372 (9th Cir. 1997); <u>Watkins v. City of Oakland</u>, 145 F.3d 1093 (9th Cir. 1989).

## CONCLUSION

As discussed in more detail above, defendant City of Springfield's motion (#63) for summary judgment on any <u>Monell</u> claims against the City should be allowed and any such claims should be dismissed .

DATED this 26 day of September, 2012.

THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - FINDINGS and RECOMMENDATION