IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ANDREW KEMP,                )
                                 )
                Plaintiff,       )
                                 )   No. 6:10-cv-6420-TC
        v.                       )
                                 )   ORDER
CITY OF SPRINGFIELD, et al.,     )
                                 )
                Defendant.       )
_____)

AIKEN, Chief Judge:

Magistrate Judge Thomas M. Coffin filed Findings and Recommendation on September 26, 2012, in the above entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1);

1       - ORDER

<u>McDonnell Douglas Corp. v. Commodore Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert</u>. <u>denied</u>, 455 U.S. 920 (1982).

Plaintiff has filed objections.

Plaintiff is a mentally ill homeless man who alleges several claims related to his arrest and detention on December 29, 2008, and arrest and detention on December 30, 2008. Plaintiff's primary purpose in bringing this case is to require the City of Springfield to revise it's allegedly seriously outdated policies and training regarding the treatment of the mentally disabled. While the complaint alleges the serious consequences that result when those unable to comprehend their actions are imprisoned for, in essence, their mental incapacities, this case is not an appropriate vehicle for such cruel and unusual punishment claims.

Among other claims, plaintiff alleges that defendant Springfield police officer Peter Kirkpatrick subjected plaintiff to excessive force during an arrest for trespassing on December 29, 2008. Kirkpatrick allegedly physically forced plaintiff into a counter, threw him to the ground, and waited for backup officers before handcuffing plaintiff. Kirkpatrick responded to the trespass call at about 7:17 a.m. and booked plaintiff into the Lane County adult corrections facility at about 8:10 a.m. Kirkpatrick did not inform anyone at the facility of plaintiff's mental status.

In addition to the Fourth Amendment claim against Kirkpatrick, Plaintiff alleges that defendant City of Springfield is also liable for Kirkpatrick's conduct. The City seeks summary judgment contending it is not liable for Kirkpatrick's alleged excessive force because the evidence is insufficient to show that its custom or policy caused the alleged violation.

Magistrate Judge Coffin recommends granting the motion because: (1) Plaintiff presented evidence of only one encounter with Kirkpatrick and Kirkpatrick is not a policy maker; (2) Kirkpatrick received training on mental health holds and training on de-escalation and the training was not so deficient as to put the City on notice that the training is causing a pattern of constitutional violations; and (3) Plaintiff provided no evidence of prior complaints against Kirkpatrick much less that the complaints were followed by improper adjudication or ratification.

Plaintiff objects arguing that Magistrate Judge Coffin: (1) failed to view the evidence in a light favorable to plaintiff; (2) failed to set forth adequate findings of fact; and (3) failed to note disputed facts.

Plaintiff generally contends that there were several instances where the magistrate ignored contrary evidence or found defendant's version of the facts more believable. Plaintiff also broadly argues Judge Coffin omitted a multitude of important facts regarding training in the treatment of the mentally ill. Because

3     - ORDER

of the general nature of these objections, the court has reviewed the complaint, the summary judgment briefing, and related documents. Presenting a large volume of facts purporting to demonstrate genuine issues of fact, by itself, is insufficient to defeat a motion for summary judgment. The complaint asserts liability, under the Fourth Amendment, against the City of Springfield for the alleged excessive force meted out by Kirkpatrick. Plaintiff presents no evidence to demonstrate a genuine issue regarding training with respect to the take down, restraining or handcuffing of plaintiff sufficient to reach a trier of fact on the excessive force issue against the City. A reading of the complaint and response demonstrates that plaintiff seeks to assert liability against the City for the City's alleged lack of training with respect to the detention and/or incarceration of the mentally ill as opposed to the use of force in this specific instance to effectuate an arrest on December 29, 2008. See, e.g., Second Amended Complaint (#45) at ¶ 71 (the City is responsible for training its officers on appropriate ways to accommodate mental disabilities); ¶ 66-68 (plaintiff was in an obvious psychotic mental state and endured extreme suffering because of failure to treat or diagnose plaintiff's mental condition); ¶ 70 (release of plaintiff on the night of December 29, 2008, when he was unable to care for himself placed plaintiff in danger); See also Plaintiff's Memorandum in Response (#99) at p. 6 (punishing people because

they are uncontrollably ill raises constitutional and ethical concerns); pp. 6-7 (mentally ill end up at Lane County adult corrections facility where staff are unable to treat them and imprisonment amounts to cruel and unusual punishment); p. 8 (Kirkpatrick did not take plaintiff to the Johnson psychiatric unit at Sacred Heart Medical Center); p. 9 (plaintiff challenges training regarding the Fourth and Eighth Amendment); pp. 16-17 (the City established or acquiesced in a custom or practice of failing to train officers regarding the rights of the mentally ill to be free from cruel and unusual punishment); p. 23 (bringing a mentally ill person to jail where adequate psychiatric care cannot be provided is cruel and unusual punishment); p. 24 (the City does not train its officers regarding rights pursuant to the Americans with Disabilities Act). However, plaintiff alleges that Kirkpatrick violated plaintiff's Fourth Amendment rights, not his Eighth Amendment rights,[1] or his rights pursuant to the Americans with Disabilities Act.[2] While plaintiff's allegations of due process violations in his fifth and sixth claims for relief are appropriate

---

[1] Nor could such a claim be made because the Eighth Amendment applies only after conviction. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (a pretrial detainee's section 1983 action for inadequate medical treatment arises from the due process clause of the Fourteenth Amendment and not from the Eighth Amendment prohibition against cruel and unusual punishment).

[2] A section 1983 claim asserting violation of the ADA would also be inappropriate in this case. See Okwu v. McKim, 682 F.3d 841, 844 (9th Cir. 2012) (comprehensive remedial scheme of the ADA precludes a section 1983 claim to vindicate violations of the ADA).

5        - ORDER

vehicles to address failure to treat his medical needs, the claim against the City of Springfield is premised on Kirkpatrick's alleged violation of the Fourth Amendment. Accordingly, Judge Coffin did not err with respect to the treatment of the evidence. Plaintiff failed to present sufficient evidence to demonstrate a genuine issue of fact as to his Monell claim against the City with respect to Kirkpatrick's alleged excessive force.

Plaintiff also raises specific pieces of evidence to support his objections such as lack of current training with respect to the mentally ill and mental health holds, as well as a lack of tracking and monitoring of the treatment of the mentally ill by the City's officers.  Again, the objections address due process violations as opposed to the City of Springfield's liability for Kirkpatrick's alleged excessive force.  While plaintiff does note the lack of training on detecting those with mental disabilities, that evidence establishes nothing more than harm resulting from the failure to treat rather than escalation of force, due to mental illness, as a result of the takedown and handcuffing.  Indeed, plaintiff alleges that after Kirkpatrick held plaintiff and waited for assistance with handcuffing, he took plaintiff into custody without incident. Second Amended Complaint (#45) at ¶ 24-25.  There are no issues of fact suggesting that the City failed to train with respect to the use of force to effectuate an arrest.  Accordingly, Magistrate Judge Coffin did not err in this regard.

6      - ORDER

Having given de novo review of Magistrate Judge Coffin's ruling, I find no error. Accordingly, I adopt Magistrate Judge Coffin's Findings and Recommendation filed September 26, 2012, granting defendant City of Springfield's motion for summary judgment.

## CONCLUSION

I adopt Magistrate Judge Coffin's Findings and Recommendation (#125) filed September 26, 2012. Defendant City of Springfield's motion for summary judgment (#63) is granted and the <u>Monell</u> claim against it is dismissed.

IT IS SO ORDERED.

DATED this __17__ day of November, 2012.

_____
ANN AIKEN
UNITED STATES DISTRICT JUDGE